# United States Court Of Appeals
# for the Fourth Circuit

It's My Party, Inc.; It's My Amphitheatre, Inc.,
d/b/a Merriweather Post Pavilion,
     *Plaintiffs – Appellants,*

                                 **Case No. 15-1278**

       v.

Live Nation, Inc.,
     *Defendant – Appellee.*

## DEFENDANT-APPELLEE'S MOTION FOR
## LEAVE TO FILE SUPPLEMENTAL APPENDIX

JONATHAN M. JACOBSON
CHUL PAK
LUCY YEN
*Wilson Sonsini Goodrich & Rosati*
Professional Corporation
1301 Avenue of the Americas
New York, NY 10019
(212) 497-7700 (Telephone)
(212) 999-5899 (Facsimile)

FRANKLIN M. RUBENSTEIN
*Wilson Sonsini Goodrich & Rosati*
Professional Corporation
1700 K Street, N.W.
Washington, D.C. 20006
(202) 973-8800 (Telephone)
(202) 973-8899 (Facsimile)

*Counsel for Defendant-Appellee Live Nation, Inc.*

June 17, 2015

## DEFENDANT-APPELLEE'S MOTION FOR
## LEAVE TO FILE SUPPLEMENTAL APPENDIX

Pursuant to Federal Rules of Appellate Procedure 27 and 30 and Local Rules 27 and 30(c), Defendant-Appellee Live Nation, Inc. ("Live Nation"), by and through its counsel, respectfully requests permission to file a Supplemental Appendix (attached hereto as Exh. A) comprised of *materials that the District Court has already determined are part of the appellate record before this Court*. Yen Aff., Exh. 4.  Counsel for Plaintiffs-Appellants It's My Party, Inc. and It's My Amphitheatre, Inc. have been informed of this Motion, and have refused consent.

### PROCEDURAL BACKGROUND

On March 16, 2015, counsel for Live Nation filed with the U.S. District Court for the District of Maryland copies of the presentations used by Live Nation and Plaintiffs-Appellants during the November 7, 2014 summary judgment hearing. *See* JA1419 (Letter to the Honorable J. Frederick Motz from Lucy Yen Re: Filing Copies of Presentations) (the "March 16, 2015 Supplement").  Live Nation filed these presentations with the District Court on a DVD because Live Nation's presentation included three video clips that could not be included in paper copies. The videos had been played in open court during the summary judgment hearing. JA1258, JA1265 (noting "[v]ideo clip played" but not transcribing contents).

On April 13, 2015, Live Nation served its Counter Designation of the Contents of the Record on Appeal.  *See* Yen Aff., Exh. 5.  The March 16, 2015

Supplement was included in these designations.  Pursuant to normal convention, the designation referred to the ECF docket entry.  *See id.* at 12.

The day after Live Nation served its Counter Designations, Plaintiffs-Appellants filed a motion with the District Court to strike Live Nation's March 16, 2015 Supplement.  *See* Yen Aff., Exh. 1 (Notice of Motion) ("Plaintiffs . . . hereby move this Honorable Court to strike the [sic] Live Nation's purported supplement to the record on March 16, 2015 (Dkt. No. 320), *which attached a DVD containing copies of the presentations that the parties used during the Court's summary judgment hearing*") (emphasis added).  In support of their motion, Plaintiffs argued that the presentations were "not part of the record at summary judgment."  *Id.*, Exh. 2 (Mot. to Strike) at 1.

Appellants' motion was filed primarily because the video clips are damaging to Appellants' case, and was designed to prevent their inclusion in the record on appeal.  *See id.*, Exh. 6 at 5 (Reply) (argument by Plaintiffs that "'[f]iling' a PowerPoint presentation . . . with an imbedded 'video clip' is not the proper way to place evidence before the Fourth Circuit").

Live Nation opposed Plaintiffs' motion to strike, arguing that the presentations were considered by the District Court – in open court – and thus properly included in the record on appeal.  *See id.*, Exh. 3 (Opp.) at 1 (Federal Rules of Appellate Procedure "require only that the record is comprised of

materials that were before the district court"). On May 8, 2015, the District Court

(Motz, J.) denied Plaintiffs-Appellants' motion to strike the record supplement. *Id.*,

Exh. 4.

On June 10, 2015, Plaintiffs-Appellants filed the Joint Appendix for this

matter. *See* Dkt. 24. Although Appellants' included Live Nation's March 16,

2015 letter to the District Court (*see* JA1419), the DVD enclosure containing the

parties' presentations was not filed. Despite Live Nation's requests, Plaintiffs-

Appellants refused to file a corrected or supplemental appendix incorporating the

DVD enclosure. *See* Yen Aff. ¶ 8.

Live Nation now seeks leave to supplement the Joint Appendix with the

DVD enclosure containing copies of the presentations used by the parties during

the November 7, 2014 summary judgment hearing, as the District Court has

specifically authorized.

## ARGUMENT

Fourth Circuit Local Rule 30(c) authorizes a party to file a motion for leave

to file a supplemental appendix. Because the DVD containing copies of the parties'

summary judgment presentations is properly part of the record on appeal, Live

Nation now seeks to supplement the joint appendix accordingly.

The District Court has already ruled that the DVD enclosure is part of the

record on appeal; it is the district judge who determines the contents of the record.

See FED. R. APP. P 10(e)(1) ("If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly."); 4TH CIR. L.R. 10(d) ("Disputes concerning the accuracy or composition of the record on appeal *should be resolved in the trial court in the first instance*, although the Court of Appeals has the power, either on motion or of its own accord, to require that the record be corrected or supplemented.") (emphasis added); *see also CareFirst of Md., Inc. v. First Care, P.C.*, 422 F. Supp. 2d 592, 595 (E.D. Va. 2006) (noting that plaintiff's motion to supplement record made in the appellate court "was deemed by the appellate court to have occurred before the wrong court"). Here, in denying Plaintiffs-Appellants' Motion to Strike Live Nation's Supplement to the Record (*see* Yen Aff., Exh. 1), Judge Motz confirmed that the presentations used by the parties at summary judgment are properly part of the record on appeal. *See* Yen Aff., Exh. 4.

Moreover, inclusion of at least one of the videos is essential to correct the entirely inaccurate characterization of it in Appellants' Brief, at 70-71 ("At oral argument, LN distorted innocuous comments IMP/IMA's CEO made"). Plaintiffs-Appellants provided no citation to that part of their argument because the comments in question appear only in one of the video clips that Appellants excluded from the Appendix. JA1258 (noting "video clip played" but not

transcribing contents). The only way for Live Nation now to show that the comments were in no way "innocuous" and were not "distorted" in the least is for them to be available for this Court to review.

There can be no dispute that Live Nation timely designated these materials for inclusion in the record on appeal. *See* Yen Aff., Exh. 5 at 12 (designating March 16, 2015 "Supplemental to [Summary Judgment] Transcript"). Given this designation, Plaintiffs-Appellants had a responsibility to include both the letter to the District Court *and the DVD enclosure* in the Joint Appendix. *See* L.R. 30(c) ("If the appellant omits from the appendix the portions designated by the appellee, the appellant will be required to file a corrected appendix incorporating such material"). There is no legitimate reason for Plaintiffs-Appellants to file an incomplete version of the March 16, 2015 Supplement; Live Nation thus seeks to complete the March 16, 2015 Supplement by filing copies of the DVD enclosure.

## CONCLUSION

For the reasons discussed above, Live Nation's Motion for Leave to File Supplemental Appendix should be granted.

Dated:  June 17, 2015                    Respectfully submitted,

JONATHAN M. JACOBSON
CHUL PAK
LUCY YEN
*Wilson Sonsini Goodrich & Rosati*
Professional Corporation
1301 Avenue of the Americas
New York, NY  10019
(212) 497-7700 (Telephone)
(212) 999-5899 (Facsimile)

*Attorneys for Defendant-Appellee Live Nation, Inc.*

**EXHIBIT A**

RECORD NO. 15-1278

In The

# United States Court of Appeals
### For The Fourth Circuit

# IT'S MY PARTY, INC.; IT'S MY AMPHITHEATRE, INC., d/b/a Merriweather Post Pavilion,

*Plaintiffs – Appellants,*

**v.**

# LIVE NATION, INC.,

*Defendant – Appellee.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND AT BALTIMORE

———————

## SUPPLEMENTAL APPENDIX – UNDER SEAL

———————

| | | |
|---|---|---|
| **Lenard B. Boss** | **Robert W. Hayes** | **Jonathan M. Jacobson** |
| COZEN O'CONNOR | **Abby L. Sacunas** | **Lucy Yen** |
| **1627 I Street, NW, Suite 1100** | COZEN O'CONNOR | WILSON SONSINI GOODRICH & ROSATI |
| **Washington, DC 20006** | **The Atrium** | **1301 Avenue of the Americas, 40th Floor** |
| **(202) 912-4818** | **1900 Market Street** | **New York, New York 10019** |
| | **Philadelphia, Pennsylvania 19103** | **(212) 999-5800** |
| | **(215) 665-2094** | |
| *Counsel for Appellant* | *Counsel for Appellant* | *Counsel for Appellee* |

# <u>TABLE OF CONTENTS</u>

**<u>Appendix Page</u>**

DVD Enclosure to Letter to
The Honorable J. Frederick Motz from
Lucy Yen (JA1419)
Re:  Filing Copies of Presentations filed March 16, 2015................................ SA1

## CERTIFICATE OF SERVICE

I, Jonathan M. Jacobson, hereby certify that I caused a true and correct copy of the foregoing Defendant-Appellee's Motion for Leave to File Supplemental Appendix to be served via email and Federal Express to the counsel of record below, on this 17th day of June 2015:

Robert W. Hayes
Abby L. Sacunas
**Cozen O'Connor**
1900 Market Street
Philadelphia, Pennsylvania 19103
Phone: 215-665-2000
Fax: 215-665-2013
rhayes@cozen.com
asacunas@cozen.com

Dated:  June 17, 2015                                    /s/ Jonathan M. Jacobson
                                                                Jonathan M. Jacobson